**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARK SAUNDERS,<br><br>       Plaintiff,<br><br>       v.<br><br>ROSALIND PICARD, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 21-cv-11240-AK |

<u>**MEMORANDUM AND ORDER**</u>

April 12, 2022

**A. KELLEY, D.J.**

*Pro se* plaintiff Mark Saunders brings this action in which he alleges that the Newton Covenant Church ("NCC") and twelve of its members (collectively, "Defendants") violated federal copyright law by wrongfully obtaining a copy of a document authored by Saunders ("Document") related to a schism within the Newton Presbyterian Church ("NPC"). According to Saunders, Defendants implemented ideas in the Document to their benefit and to the detriment of NPC, of which Saunders is a member. Saunders has also filed a renewed motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court <u>GRANTS</u> the motion for leave to proceed *in forma pauperis* and directs Saunders to show good cause why this action should not be dismissed.

## I.    Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Saunders's renewed motion for leave to proceed *in forma pauperis*, the Court concludes that he is unable to prepay the filing fee and GRANTS the motion.

II.     **Review of the Complaint**

    A.     **Court's Authority to Conduct a Preliminary Review of the Complaint**

When a plaintiff is allowed to pursue an action in federal court, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).  This statute authorizes a federal court to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  The Court liberally construes the complaint because Saunders is proceeding *pro se*.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972).

    1.     **Saunders's Allegations**

In this preliminary review of the complaint [Dkt. 1 ("Compl.")], the Court accepts, as it must, the veracity of all well-pleaded facts and draws all inferences in favor of Saunders.

In 2011, the Presbyterian Church (USA) ("PC(USA)") amended its constitution to relax rules concerning same-sex marriage and the ordination of gay and lesbian persons.  This resulted in a schism within the NPC, with some members still aligning themselves with PC(USA) and other members wishing to separate from PC(USA).  Saunders was among the persons who wanted to remain aligned with the PC(USA).

At some point, the Presbytery of Boston, the governing body of PC(USA) churches in the area, considered whether an Administrative Commission should be formed to investigate the situation at NPC.  An Administrative Commission would assume full power of NPC if it determined that NPC could not properly exercise its authority.

Saunders attended a November 16, 2016 meeting of the Presbytery of Boston.  He had planned to read the Document, which supported the establishment of the Administrative

Commission to investigate NPC, at this meeting.  Nevertheless, he decided not to read it at the meeting because the Presbytery of Boston voted in favor of the creating the Commission.

On January 12, 2017, the Administrative Commission assumed jurisdiction over NPC. The Administrative Commission determined that the members of NPC aligning themselves with PC(USA) constituted the "True Church."  Notwithstanding, on January 15, 2017, the congregation conducted an unauthorized vote to leave the PC(USA) and join the Evangelical Covenant Church.  Defendants renamed the church "Newton Covenant Church" ("NCC"), took down NPC signage, installed a NCC sign, and barred NPC members from the church property.

In March 2017, NPC filed a lawsuit in Suffolk Superior Court against NCC and its leaders.   In November 2017, that court issued an order awarding NPC the church building and property.[1]  NPC leadership and members of the Administrative Commission took possession of the property in February 2018.

Saunders subsequently learned that, at some point, some members of NPC had obtained a copy of the Document.  They had "secretly used the [Document] to aid in their efforts to leave the PC(USA) while retaining possession of the church building and property, and did not want the [Presbytery of Boston] to be aware that [the Document] had been in their possession." [Compl. at ¶ 25].

### 2.     Saunders's Legal Claims

Saunders alleges that the Document is entitled to copyright protection under federal law. He maintains that the Document "had never been read aloud, published, or distributed in any

---

[1] See Newton Presbyterian Church v. Smith, 34 Mass. L. Rptr. 552, 2017 WL 7053909 (Suffolk Sup. Ct. Nov. 17, 2017); see also Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015) (stating that federal courts may take judicial notice of relevant proceedings in other courts).

form or fashion," and he represents that he has registered the Document with the United States Copyright Office.  [Id. at ¶ 28].

Saunders claims that "Defendants unlawfully copied, distributed, and benefitted from their use of Plaintiff's private written work." [id. at ¶ 32], and "failed to compensate Plaintiff for the unlawful distribution and use of his intellectual property [id. at ¶ 33].  Saunders maintains that the Document allegedly aided Defendants in "occupying the church and its property rent free for approximately 13 months," during which time "they accessed and used the funds of NPC." [Id. at ¶ 31].  In addition, Saunders's complaint alleges that during NCC's occupation of the church property, NCC was unjustly enriched because it collected rent from tenants of the church building, which included a nursery school.  Saunders also claims Defendants failed to pay utility bills and to maintain the building.  [Id.]

In his prayer for relief, Saunders seeks injunctive relief, statutory and actual compensatory damages, costs, and attorney's fees.  [Id. at 8–9].

**B.      Discussion**

To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Here, Saunders has failed to state a claim upon which relief may be granted because he has not sufficiently alleged facts from which the Court may reasonably infer that the Document is subject to copyright protection.

Under federal law, copyright protection "subsists… in original works of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102(a).  "Works of authorship" encompass various categories, including literary, musical, architectural, sculptural, and choreographic works.  Id.  Nevertheless, "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  17 U.S.C. § 102(b).  In other words, "copyrights protect 'expression' but not the 'ideas' that lie behind it."  Google LLC v. Oracle Amer., Inc., —U.S. —, 141 S. Ct. 1183, 1196 (2021).

Saunders has not filed a copy of the Document with the Court, and his description of it is very limited.  He alleges he prepared the Document to read at the November 16, 2016 meeting of the Presbytery of Boston, and that the Document expressed support of the establishment of the Administrative Commission to investigate NPC.  The only other description of the Document is more to the Document's effect than its contents, i.e., that NCC members allegedly used the ideas in the Document to wrongfully occupy the church building and use NPC funds.  Considering the dearth of allegations concerning the actual content of the Document or the Document itself, the Court cannot reasonably infer that the Document has copyright protection.  Based on Saunders's allegations, the Court may only conclude that the Document falls within the categories of works of original authorship that do not have copyright protection, including ideas, procedures, processes, systems, and methods of operation.  See 17 U.S.C. § 102(b).

**III.    Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.       The renewed motion for leave to proceed *in forma pauperis* is GRANTED.

2.       Saunders shall, within thirty-five (35) days of the date of this order, show good cause why this action should not be dismissed for the reasons set forth above.  Any show cause response shall include an amended complaint.  Failure to comply with this directive will result in dismissal of the action.


**SO ORDERED.**

April 12, 2022                                                    /s/ Angel Kelley
                                                                  ANGEL KELLEY
                                                                  U.S. DISTRICT JUDGE