FILED IN CLERKS OFFICE

2023 FEB 24 PM 1: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Saunders,<br>    Plaintiff,<br><br>v.<br><br>Rosalind Picard, Ann MacKay,<br>Kristen Lucken, Roger Mark,<br>Thomas DuVol, Harold Jones,<br>Garrett Smith, Daniel Romaine,<br>Anders Brownworth, Carmen Aldinger,<br>Doris Kellom, Beatrice Yankey and the<br>Newton Covenant Church<br>    Defendants. | Civil Action No. 1:21-cv-11240-AK |

## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW the Plaintiff, appearing pro se, moves for appointment of counsel in this matter pursuant to 28 U.S.C. §1915 (e)(1) for the following reasons:

1. Plaintiff is indigent, as recognized by this Court in granting Plaintiff's motion to proceed in forma pauperis.

2. Plaintiff has exhausted his efforts seeking counsel, being severely limited due to handicap and lack of finances. Attorneys practicing the specialized area of copyright law are extremely limited, expensive, and well beyond the affordability of Plaintiff.

3. Plaintiff is disabled and currently under extreme physical duress. He is being treated at the Beth Israel Deaconess Spine Center and is currently in prolonged physical therapy treatments.

    a. Plaintiff was scheduled to receive a radioscopic epidural spinal injection performed by Dr. Anthony C. Lee on December 9, 2022. However, Plaintiff tested positive for Covid 19 on November 24th (Thanksgiving Day), which quickly turned serious, as Plaintiff is immune compromised. Plaintiff was treated with Paxlovid. After a brief respite, Plaintiff again tested positive on December 4th, suffering from "Rebound Covid". He was in isolation for the entire period of November 24 to late December, 2022. All medical treatments were put on hold due to the Covid 19 diagnoses.

    b. Plaintiff's insurance coverage changed on January 1, 2023. Plaintiff was informed that he had to change physicians, specialists, and physical therapists due to the new insurance coverage. In addition, he would need to obtain new orders for diagnostic treatments and physical therapy. This has exacerbated plaintiff's condition, as his treatments have been put on hold.

    c. Plaintiff had a telephonic appointment with his orthopedist on February 13th, and a new order was issued for an electromyography to further evaluate his neuropathy. Plaintiff is currently awaiting scheduling of this procedure and radioscopic epidural spinal injections.

4. As a pro se complainant and due to his disabilities, plaintiff is severely restricted by the inability to easily access and review legal information. As plaintiff is not a member of the Bar and is not a law school student, he is denied access to libraries at local schools of law.

5. Plaintiff also has no access to the electronic filing system (CM/ECF) and must rely on travel and ambulation to file legal documentation. This is extremely difficult at the current time.

6. Plaintiff does not have a working vehicle at this time, and must rely on public transportation. The closest T station is .7 miles from Plaintiff's home, which is a difficult distance to traverse. To file documents, Plaintiff must travel by bus to Harvard, change to the Red line, change to the Silver line, and then walk from Courthouse Station to the Courthouse.

7. Plaintiff continues to seek counsel in this specialized area of law. This has proven difficult due to cost and the limited number of area attorneys practicing in this field of law.

WHEREFORE, Plaintiff prays that this Court enter an Order appointing counsel to represent Plaintiff in the above captioned matter.

Respectfully submitted,

Dated: 2-24-23

Mark P. Saunders
28 Cushman Street
Watertown, Massachusetts 02472-3704
617-905-7454

## CERTIFICATE OF SERVICE

I certify that on February 24, 2023, I caused a true and correct copy of this document to be served via U.S. Mail to the following:

Zack Kleinsasser - Counsel of record for Defendants
Greenberg Traurig, LLP
One International Place  Suite 2000
Boston, MA 02110

Mark Saunders